# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL WIEBER, )
)
    Plaintiff, ) 2:25-cv-762
)
vs. )
)
RAISING CANE'S RESTAURANTS, )
LLC; *et al.*, )
)
    Defendants. )
)

## ORDER

Daniel Wieber commenced this employment-discrimination lawsuit against his former employer, Raising Cane's. The main question presented at this juncture is now this: Who's Daniel Wieber?

About a month ago, red flags began appearing to counsel regarding the identity of Daniel Wieber. Both counsel investigated further and now both counsel have confirmed the following three facts:

One, the real Daniel Wieber was the victim of identity theft. The real Daniel Wieber lives in Nevada and never worked for Raising Cane's in Pennsylvania.

Two, whoever stole the identity (let's call him "the fake Daniel Wieber") worked at Raising Cane's, passed himself off to Raising Cane's as Daniel Wieber, and alleged to have been discriminated by Raising Cane's.

Three, as noted by counsel, there's a breadcrumb trail on the internet suggesting that the fake Daniel Wieber's name is actually Kenneth McCune, and that Kenneth McCune died in California in July 2025.[1]

---

[1] During a June 16, 2026, status conference, counsel referred to a gofundme, https://www.gofundme.com/f/bring-kenneth-mccune-home-with-dignity, and an obituary, https://everloved.com/life-of/kenneth-mccune/obituary/, both for Kenneth McCune. Counsel for both parties verified that the man pictured in the gofundme is the fake Daniel Wieber.

- 1 -

- 2 -

In light of this development, this case cannot proceed.  It's not entirely clear who the fake Daniel Wieber is.  But it's clear that a dead plaintiff who used the identity of another person can't perpetuate that fraud on the Court by bringing a lawsuit in the identity-theft victim's name.  The Court therefore exercises its inherent authority to sanction, and hereby sanctions the fake Daniel Wieber by dismissing this case with prejudice.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991) (recognizing that outright dismissal is within a court's discretion when "a fraud has been perpetuated upon the court"); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984).

DATED this 22nd day of June, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge